UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    Case No:  3:13-cv-351-J-UATCMCR

MICHAEL DOUGLAS,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Judgment (Doc. 10) filed May 13, 2013. Defendant failed to file any response and the time for doing so has passed.

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," a default may be entered. Here, the Clerk entered default against Defendant on May 2, 2013. (Doc. 9).

However, beyond the requirements set forth in Rule 55, the Servicemembers Civil Relief Act (the "SCRA") imposes an additional burden on a plaintiff seeking to obtain a default judgment against an individual defendant. Pursuant to § 521 of the SCRA, in any civil action in which a defendant fails to appear:

> [T]he court, before entering judgment for the plaintiff, **shall require the plaintiff to file with the court an affidavit** -
>
> (A) stating whether or not the defendant is in military service and **showing necessary facts to support the affidavit**; or

> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521(b)(1) (emphasis added).  The purpose of the SCRA is "to prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves." United States v. Kaufman, 453 F.2d 306, 308-09 (2nd Cir. 1971).  In considering its provisions, the Court must read the Act "with an eye friendly to those who dropped their affairs to answer their country's call."  Le Maistre v. Leffers, 333 U.S. 1, 6, 68 S.Ct. 371 (1948) (citing Boone v. Lightner, 319 U.S. 561, 575, 63 S.Ct. 1223, 1231 (1943)).  To that end, courts are explicitly required to inquire into the service status of an individual prior to entering a default judgment.  50 U.S.C. app. at § 521.

In the present case, the only reference to the SCRA is counsel for Plaintiff's statement in the Declaration supporting the Motion for Entry of Default Judgment that:

> The defendant is neither an infant nor an incompetent person requiring special service in accordance with Rule 4(g), Federal Rules of Civil Procedure, and is not serving with the armed forces of the United States entitled to the protection of 50 U.S.C. app. Section 520.

(Doc. 10, p.6).  Neither the Motion nor the Declaration contain any information regarding what efforts, if any, counsel made to determine the military status of Defendant. The Court finds that the representations in the Declaration to be insufficient to satisfy the requirements of the SCRA.

As noted above, the SCRA requires an affidavit stating "whether or not the Defendant is in military service and showing necessary facts to support the affidavit." The statement by counsel for the Plaintiff that Defendant "is not serving with the armed

forces" tells the Court nothing. Any affidavit filed pursuant to the SCRA must provide facts within that affidavit to support either a conclusion that a party is in military service, or the inability to reach such a conclusion. See 50 U.S.C. app. § 521(b)(1). If Plaintiff is unable to determine whether a defaulting party is in military service, a supporting affidavit must accompany or precede a motion for default judgment indicating what steps Plaintiff took in attempting to determine the status of the defaulting party's military service. The factual support should include the results of a "search of the Department of Defense Manpower Data Center" and any other affirmative steps taken by Plaintiff to comply with the SCRA. See In re Templehoff, 339 B.R. 49, 52-53 (S.D.N.Y. 2005).

Here, Plaintiff's conclusory statement that Defendant is not in military service provides the Court with no information as to what steps, if any, Plaintiff took to develop "knowledge" regarding Defendant's military services. In light of the foregoing, Plaintiff's affidavit is insufficient due to its lack of factual support, and thus, the Motion is due to be denied without prejudice to Plaintiff refiling after complying with the requirements of the SCRA.

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Motion for Default Judgment (Doc. 10) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Jacksonville, Florida this 3rd day of June, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties