**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                       Case No: 3:13-cv-351-J-UATCMCR

MICHAEL DOUGLAS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Judgment (Doc. 10) filed May 13, 2013.[2] Defendant failed to file any response and the time for doing so has passed. The Court, having considered the Motion and exhibits attached thereto, the Complaint (Doc. 1) and exhibit attached thereto, and being otherwise advised in the premises, recommends Plaintiff's Motion be **GRANTED**.

### I.    BACKGROUND

On April 29, 2010, Plaintiff filed its Complaint (Doc. 1) against Defendant asserting a claim for indebtedness. Attached to the Complaint is the sworn Certificate of Indebtedness #1 of 1 from the United States Department of Education. In the

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The Court originally denied the Motion for Default Judgment without prejudice as it did not contain any information regarding Defendant's military status. (Doc. 11). However, in a Motion for Reconsideration (Doc. 12), Plaintiff pointed out that it had attached a Non-Military Affidavit to its Motion for Clerk's Default (Doc. 8). Accordingly, the Court granted the motion for reconsideration and now enters this Report and Recommendation.

Complaint, Plaintiff asserts that as of the date of filing, Defendant owed Plaintiff a total of $8,128.03, plus accruing interest.  Additionally, Plaintiff represents that it demanded payment from Defendant, but Defendant neglected and refused to satisfy the debt.

On April 6, 2013, Plaintiff effected service of process on Defendant.  (Doc. 7). Nevertheless, to date, Defendant has not filed an answer or otherwise appeared in this case.  Accordingly, Plaintiff filed a motion seeking entry of a Clerk's Default against Defendant.  (Doc. 8).  The Clerk of the Court entered a Clerk's Default on May 2, 2013. (Doc. 9).  Plaintiff now seeks entry of a final default judgment against Defendant in the amount of $8,182.85 owed as of May 13, 2013[3], with interest continuing to accrue at a rate of 3.39% per year, plus costs in the amount of $913.29 for fees and surcharges. (Doc. 10).

## II.   ANALYSIS

### A.  Standard of Review

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter final default judgment against a defaulting party, however, it is well-established that "a defendant's default does not in itself warrant the court entering a default judgment." Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[4] Rather, the Court must find must first ensure it has jurisdiction over the claims and "a sufficient basis in the pleadings for the judgment entered."  Id.  A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars

---

[3] In the body of the Motion, Plaintiff states the amount of interest is $3,384.00 through May 9, 2013, however, in the Declaration attached thereto, Plaintiff states the interest is $3,384.00 through May 13, 2013.  The Court will accept the date utilized in the Declaration.

[4] In the case of Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

the defendant from contesting those facts on appeal. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (citing Nishimatsu, 515 F.2d at 1206)). Accordingly, in ruling on the motion for default judgment, the Court must examine in further detail Defendant's liability under the causes of action alleged in the Complaint.

In addition to the requirements set forth in Rule 55, the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501 *et. seq.* (the "SCRA"), imposes an additional burden on a plaintiff seeking to obtain a default judgment against an individual defendant. Pursuant to § 521 of the SCRA, in any civil action in which a defendant fails to appear:

> [T]he court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit -
>
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521(b)(1).

In this case, Plaintiff presented a Non-Military Status Affidavit (Doc. 8, Ex. A) indicating that counsel for Plaintiff requested information regarding Defendant's military status from the Defense Manpower Data Center website and received a written response that Defendant is not in the military. Id. The Court finds that the representations in the Affidavit satisfy the requirements of the SCRA and therefore, if liability is established, the entry of default judgment will be appropriate.

B.  **Liability**

As this is a civil action commenced by the United States, the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1345.  Thus, the Court turns to the question of whether the Complaint adequately states a claim for default on a student loan.  In the Complaint, Plaintiff alleges Defendant owes it $4,798.85 in principal and interest accruing at a rate of 3.39% per annum.  (Doc. 1).  Additionally, the sworn Certificate of Indebtedness, attached to the Complaint, reflects the following:

> On or about 10/11/95, the borrower [Defendant] executed promissory note(s) to secure loan(s) of $7,349.00 from Sky Bank.  This loan was disbursed for $3,988.00 on 11/06/95 through 03/12/96, at a variable rate of interest to be established annually by the Department of Education.  The loan obligation was guaranteed by Great Lakes Higher Education Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682).  The holder demanded payment according to the terms of the note, and credited $363.68 to the outstanding principal owed on the loan.  [Defendant] defaulted on the obligation on 03/03/00, and the holder filed a claim on the loan guarantee.
>
> Due to this default, the guaranty agency paid a claim in the amount of $4,724.89 to the holder.  The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement.  Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal.  The guarantor attempted to collect this debt from [Defendant].  The guarantor was unable to collect the full amount due, and on 08/18/06, assigned its right and title to the loan to the Department.
>
> Since the assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including the Treasure Department offsets, if any, to the balance.  After application of these payments, [Defendant] now owes the United States the following balance:
>
>     Principal:                                                         $4,798.85

        Interest:                                          $2,958.81

        Total debt as of 10/01/10:          $7,757.66

Interest accrues on the principal shown here at the current rate of 3.39 percent and a daily rate of $0.45 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

(Doc. 1, Ex. A).

"In order for judgment to be entered in favor of the United States, it must prove that (1) defendant executed the note; (2) the United States is the present holder of the note; and (3) the note is in default." United States v. Bauer, No. 6:09-cv-2123-Orl-31KRS, 2010 WL 1742083, at *3 (M.D. Fla. Apr. 12, 2010) (confirmed and adopted in United States v. Bauer, No. 6:09-cv-2123-Orl-31KRS., 2010 WL 1742079, at *1 (M.D. Fla. Apr. 30, 2010)) (internal quotations omitted). The Certificate of Indebtedness; which is attached to the Complaint and is, therefore, part of the pleading, see Rule 10(c), Federal Rule of Civil Procedure; indicates Defendant executed the promissory note, the note was assigned to the Department of Education, and the note is in default. Therefore, by failing to answer the Complaint, Defendant is deemed to have admitted that he executed the promissory note, that the United States is the present holder of the note by assignment, and that the note is in default. See Bauer, 2010 WL 1742083, at *3. Accordingly, the Court finds that Defendant is liable to Plaintiff for the defaulted student loan obligation.

### C. Damages

Having found Plaintiff is entitled to a default judgment on its indebtedness claim, the undersigned turns to the question of damages. "As a general rule, the court may

enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." Directv, Inc. v. Huynh, 318 F.Supp.2d 1122, 1129 (M.D. Ala. 2004) (citing Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985) and Directv, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003)).  As the essential evidence regarding damages is before the Court, the Court concludes that the record in this case is sufficient to calculate damages without an evidentiary hearing.  Specifically, the Declaration attached to Plaintiff's Motion for Default Judgment establishes that Defendant owes Plaintiff a total of $9,096.14, which consists of $4,798.85 in unpaid principal, plus $3,384.00 in accrued interest as of May 13, 2013, and costs in the amount of $913.29 (including a service charge of $45.00, a Debt Collection surcharge of $818.29 pursuant to 28 U.S.C. §3011, and an administrative fee of $50.00).

Accordingly, after due consideration, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Entry of Default Judgment (Doc. 10) be **GRANTED**;

2. Judgment be entered in favor of Plaintiff and against Defendant in the following amounts:

    a. $4,798.85 in principal;

    b. $3,384.00 in prejudment interest as of May 13, 2013;

    c. $913.29 in costs and administrative charges;

    d. Prejudgment interest accruing on the total principal amount at the rate of 3.39% per annum beginning May 14, 2013 through the date judgment is entered; and

e. Post-judgment interest accruing from the date judgment is entered at the legal rate established by 28 U.S.C. §1961.

**DONE and ENTERED** in Jacksonville, Florida this 13th day of August, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Timothy J. Corrigan,
 United States District Judge,

Counsel of Record

Michael Douglas
8035 Waxwing Avenue
Jacksonville, FL 32219-4614